UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 MAY -8 PM 3: 52
U.S. DISTRICT COURT
N.D. OF ALABAMA

AARON JEROME HEIDELBERG,          )
                                  )
          Plaintiff,              )
                                  )
v.                                )          CV 99-S-1202-NE
                                  )
MICHAEL W. HALEY, et.al.,         )
                                  )
          Defendants.             )

ENTERED
MAY - 8 2002

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Aaron Jerome

Heidelberg, on May 13, 1999, alleging that his constitutional rights were violated while he was

incarcerated in the Limestone Correctional Facility in Capshaw, Alabama.  In his *pro se* complaint,

plaintiff names as defendants:[1]

| | |
|---|---|
| Warden Ralph Hooks | Deputy Warden David J. Wise |
| Lieutenant B. Handon[2] | Lieutenant Wallace |
| Lieutenant Goode | Sgt. Brock |
| Sgt. R. Emerson | Sgt. R. Donoway[3] |
| Sgt. R. Mason | CO1 G. Mealer |
| CO1 M. Huges | CO1 Kent |
| CO1 J. Britt | CO1 McGee |
| CO1 Sheehy | CO1 Lovett |
| CO1 S. Carroll | CO1 Mitchell |
| CO1 Garden | Steward  J. Martin |
| Steward Chapman | Steward M. McBryde |

---

[1] In his complaint, plaintiff named 32 defendants and 16 potential causes of action.  In a Report and Recommendation entered July 25, 2001, the magistrate judge recommended the dismissal of several  defendants and claims.  By order entered October 22, 2001, the undersigned district judge adopted the magistrate judge's recommendation, and, with the exception of the claims and defendants listed herein, the plaintiff's complaint was  dismissed.

[2] The correct spelling of this defendant's name is "Hendon."

[3] The correct spelling of this defendant's name is "Dunaway."



He asserts said defendants engaged in behavior which resulted in violations of the plaintiff's following constitutional rights: (1) First Amendment; (2) Fourteenth Amendment Equal Protection; (3) Eighth Amendment; and (4) Conspiracy and Retaliation with regard to the aforementioned violations.  He seeks monetary damages and declaratory and injunctive relief.[4]

On March 22, 2002, the magistrate judge filed a report and recommendation, recommending that several of the plaintiff's claims be DISMISSED WITHOUT PREJUDICE and that summary judgment be GRANTED IN PART and DENIED IN PART with regard to the remaining claims.  The parties were given an opportunity to object to the report and recommendation within twenty (20) days of the entry date of the order. No objections have been filed by any parties.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, the Court is of the opinion that the magistrate judge's findings of fact and conclusions of law are hereby ADOPTED and his recommendation is ACCEPTED.

The Court finds that all claims against defendants Steward McBryde, CO1 Huges, and Steward J. Martin are due to be DISMISSED WITHOUT PREJUDICE for lack of prosecution.

The Court finds that the remaining parties' motions for summary judgment are due to be GRANTED IN PART and DENIED IN PART as follows:

1. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Hooks, Wise, Wallace, Goode, Brock, Bailey, Lovett, McGee, Mealer, Parker, and Chapman subjected the plaintiff to cruel and unusual punishment by refusing to honor medical

---

[4] Plaintiff is now an inmate at Donaldson Correctional Facility in Warrior, Alabama, and is no longer an inmate at Limestone Correctional Facility.  As such, his requests for injunctive and declaratory relief are MOOT. "Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred" or released. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). "'Past exposure to [alleged] illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (*quoting Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984)).

orders, nor are there any genuine issues of material fact showing that said defendants conspired or retaliated against the plaintiff for his attempts to have medical profiles honored. Therefore, those claims against them are due to be dismissed and they are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by defendants Hooks, Wise, Wallace, Goode, Brock, Bailey, Lovett, McGee, Mealer, Parker, and Chapman as to the cruel and unusual punishment claims is due to be GRANTED and these claims are due to be DISMISSED WITH PREJUDICE.

2. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Hooks, Wise, Hendon, Goode, Emerson, Mason, Carroll, Chapman, Wallace, Brock, Dunaway, McGee, Lovett, Garden, Sheehy, and Mitchell violated the plaintiff's right to freedom of speech or participated in a conspiracy to violate the plaintiff's freedom of speech. Therefore, said defendants are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by defendants Hooks, Wise, Hendon, Goode, Emerson, Mason, Carroll, Chapman, Wallace, Brock, Dunaway, McGee, Lovett, Garden, Sheehy, and Mitchell is due to be GRANTED and these claims are due to be DISMISSED WITH PREJUDICE.

3. The Court EXPRESSLY FINDS that there are genuine issues of material fact regarding whether defendants Britt, Kent, Mealer, and Carter conspired to violate and violated the plaintiff's first amendment right to free speech. Therefore, the motion for summary judgment and request for qualified immunity by defendants Britt, Kent, Mealer, and Carter are due to be DENIED.

4. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Hendon and Wise violated the plaintiff's right to freedom of religion with regard to the plaintiff's religious necklace. Therefore, these defendants are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by defendants Hendon and Wise is due to be GRANTED and these claims are due to be DISMISSED WITH PREJUDICE.

3

5. The Court EXPRESSLY FINDS that there are genuine issues of material fact regarding whether defendants Hendon and Wise violated the plaintiff's right to freedom of religion by refusing to allow the plaintiff to have a bible. Therefore, the motion for summary judgment and request for qualified immunity by defendants Hendon and Wise are due to be DENIED.

6. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing that defendants Hooks, Wise, and Hendon violated the plaintiff's right to equal protection or participated in any conspiracy or retaliation to violate said right. Therefore, these defendants are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by defendants Hooks, Wise, and Hendon is due to be GRANTED and the equal protection, conspiracy and retaliation claims are due to be DISMISSED WITH PREJUDICE.

Therefore, the issues regarding the freedom of speech claims, and any conspiracy or retaliation associated therewith against defendants Mealer and Carter as well as freedom of religion claims against defendants Wise and Hendon are due to be REFERRED to Magistrate Judge Harwell G. Davis, III, for further proceedings.

An appropriate order will be entered.

DONE this the _____8th_____ day of _____May_____, 2002.

_____
UNITED STATES DISTRICT JUDGE

4